UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

EDITH MAE MAY,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No. 22-cv-0105-bhl

STATE OF WISCONSIN, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Edith Mae May, who is currently serving a state prison sentence at the Wisconsin Resource Center and representing herself, filed a complaint under 42 U.S.C. §1983, alleging that her civil rights were violated. This matter comes before the Court on May's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

May has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). May has filed a certified copy of her prison trust account statement for the six-month period immediately preceding the filing of her complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.68. May's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE COMPLAINT

May asserts that her constitutional rights were violated in the course of her January 28, 2015 arrest. She alleges that officers exceeded the scope of a search warrant, that a male officer searched her without a female officer present, that officers used excessive force while arresting her, that officers ignored her threats of self-harm, that she was denied medical and psychological care after cutting her wrist, that she was illegally interrogated following her acts of self-harm, and that she was denied the services of a public defender. May also alleges that her probation was illegally revoked and that, on October 21, 2015, she was illegally sentenced to prison. Dkt. Nos. 1, 2.

## THE COURT'S ANALYSIS

May asserts, among other things, that the revocation of her supervised release, her arrest, and her conviction were illegal. These claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because judgment in her favor would necessarily imply the invalidity of her conviction. *See, e.g., Jackson v. Holton*, 438 F. App'x 496, 497-98 (7th Cir. 2011). The remaining claims in her complaint suffer from various deficiencies, but the Court need not address them in detail because, even if May states claims that are not barred by *Heck*, her lawsuit is foreclosed by the six-year statute of limitations that, at the time of the alleged violations, governed §1983 claims. *See D'aquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that in 2018 the Wisconsin legislature changed the statute of limitations under Wis. Stat. §893.53 from six years to three years). May's claims accrued more than six years ago when she was arrested in 2015. Because she knew of her injuries at that time and could have filed suit immediately, her lawsuit is time-barred and must be dismissed. *See Malone v. Corrections Corp. of America*, 553 F.3d 540, 542 (7th Cir. 2009).

Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 520 (7th Cir. 2015). Because no amendment can overcome May's failure to timely pursue her claims, it would be futile to allow her to amend her complaint.

**IT IS THEREFORE ORDERED** that May's motion for leave to proceed without prepaying the filing fee (Dkt. No. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that May's claims that are *Heck*-barred are **DISMISSED without prejudice** and the remaining claims, which are time-barred, are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the agency having custody of May shall collect from her institution trust account the $348.32 balance of the filing fee by collecting monthly payments from May's prison trust account in an amount equal to 20% of the preceding month's income credited to May's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If May is transferred to another institution, the transferring institution shall forward a copy of this Order along with May's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 30, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, she must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed a "strike" by the Court of Appeals if her appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, she will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless she demonstrates that she is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

5

Case 2:22-cv-00105-BHL   Filed 03/30/22   Page 5 of 5   Document 8